FILED
May 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003481333

8
TRUDI G. MANFREDO, Bar No. 166474
THE LAW OFFICE OF TRUDI G. MANFREDO
545 East Alluvial, Suite 112
Fresno, California 93720
Telephone: (559) 449-9069
Facsimile: (559) 449-9016
E-mail: trmanfredo@yahoo.com

Attorney for JAMES E. SALVEN,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 08-11171-A-7 |
| MARIA I. SOLIS, | Chapter 7 |
| | DC#: TGM-8 |
| Debtor. | Date: June 8, 2011 |
| | Time: 9:00 a.m. |
| | Dept. A, Courtroom 11 |
| | The Honorable Whitney Rimel |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING SALE OF PROPERTY OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF CERTAIN LIENS**

James E. Salven, Chapter 7 Trustee, by and through his counsel, represents as follows:

1. Debtor filed for relief under Chapter 7 of the Bankruptcy Code on March 4, 2008.

2. James E. Salven is the duly appointed, qualified and acting Trustee of the above referenced bankruptcy estate.

3. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). This is a core proceeding under 28 U.S.C.

1

§157(b)(2)(A) and (N). This motion is brought under 11 U.S.C. §363(b).

4. One of the assets of the bankruptcy estate is the non-exempt real property located at 15674/15676 S. Cherry, Caruthers, California, more particularly described in the Preliminary Title Report, a true and correct copy of which is attached to the Declaration of James E. Salven as **Exhibit A** ("The Real Property") and incorporated herein by reference. This real property consists of three parcels containing approximately 3 acres of row crops and a residence.

5. There is a manufactured home located on the real property ("Personal Property"). The manufactured home is a Winchester IV, Model No. 361759, Decal #: LBE8740 (See The Title Search attached as **Exhibit B** to the Declaration of James E. Salven and incorporated herein by reference.)

6. This Personal Property is not included in the sale and seller will not be responsible for its removal.

7. Trustee has received an offer from Johnny J. Gomez, or nominee, ("Buyer") to purchase The Real Property for $210,000.00. A true and correct copy of the offer, which has been accepted by the Trustee, is attached to the Declaration of James E. Salven as **Exhibit C** and incorporated herein by reference. Buyer has deposited $10,000.00 into escrow, which is non refundable if the Court approves the sale and Buyer fails to perform.

8. Eviction of any tenants, if necessary, will be the responsibility of Buyer, and Buyer shall indemnify and hold Seller harmless from any damages involving the tenants and the eviction process.

9. The property is being sold as where is in its present condition, with the Seller making no warranties, either express or implied.

10. Other terms and conditions of the sale are contained in the offer.

11. The Broker handling the sale for the estate and buyer is London Properties, Ltd., 6442 North Maroa Avenue, Fresno, CA.

12. The purchase price agreed upon with the Buyer is the highest and best offer received by the Trustee since the last sale of this property fell through. Trustee believes the offer is reasonable, considering the circumstances.

13. The broker's commission at 6%, or $12,600.00. Trustee requests that the commission be authorized to be paid out of escrow.

14. Trustee is informed and believes that there are no adverse tax consequences to the sale.

15. Trustee is informed and believes that there is a note secured by a Deed of Trust on the Real Property in favor of Home Loan Lenders, Inc. in the approximate amount of $172,000.00, which will be paid through escrow.

16. Trustee is requesting to sell free and clear of all other liens recorded against the Real Property with the Fresno County Recorders Office which liens are as follows:

   A. A spousal and/or child support lien recorded April 27, 2007, by Fresno County, Instrument No. 20070084207.

   B. A tax lien recorded on May 1, 2007, by District Director of Internal Revenue Service in the amount of $193,366.91, Instrument No. 20070087016.

|   |    |                                                                      |
|---|----|----------------------------------------------------------------------|
| 1 | C. | A tax lien recorded on December 13, 2007 by State of California in the amount of $20,327.94, Instrument No. 20070221213. |
| 4 | D. | An Abstract of Judgment recorded on January 7, 2008, by State of California Labor Commissioner in the amount of $1,000.00, Instrument No. 20080001511. |
| 7 | E. | A tax lien recorded on May 13, 2008 by District Director of Internal Revenue Service in the amount of $43,316.08, Instrument No. 20080069734. |
| 10 | F. | An Abstract of Judgment recorded July 3, 2008, by Creditors Bureau USA in the amount of $112,934.49, Instrument No. 20080096345. |
| 13 | G. | An Abstract for Judgment recorded September 5, 2008, by International Credit Recovery, Inc., in the amount of $13,244.81, Instrument No. 20080127779. |
| 16 | H. | An Abstract of Judgment recorded October 15, 2008, by Citibank (South Dakota) N.A., in the amount of $10,551.94, Instrument No. 2008-0146864. |
| 19 | I. | An Abstract of Judgment recorded April 6, 2009, by Watson Ag Chemicals in the amount of $32,100.23 (This lien was recorded post petition), Instrument No. 2009-0045880. |
| 23 | J. | An Abstract of judgment recorded July 6, 2009, by Commercial Trade, Inc. (This lien was recorded post petition), Instrument No. 2009-0091478. |
| 26 | K. | An Abstract of Judgment recorded May 6, 2009, by Ginegar Plastic Products, Ltd. (This lien was recorded post petition), Instrument No. 2009-0061538. |

| | | |
|---|---|---|
| 1 | L. | An Abstract of Judgment recorded December 15, 2009, by |
| 2 | | Northern California Collection Service, Inc. (This lien |
| 3 | | was recorded post petition), Instrument No. 2009- |
| 4 | | 0168939. |
| 5 | M. | A tax lien recorded January 6, 2010, by EDD (This lien |
| 6 | | was recorded post petition), Instrument No. 2010- |
| 7 | | 0001247. |
| 8 | N. | A lien for unsecured property taxes recorded January 29, |
| 9 | | 2010 by the tax collector (This lien was recorded post |
| 10 | | petition), Instrument No. 2010-0011292. |
| 11 | O. | A tax lien recorded June 23, 2010, by the State of |
| 12 | | California (This lien was recorded post petition), |
| 13 | | Instrument No. 2010-0080677. |
| 14 | P. | A tax lien recorded July 28, 2010, by the State of |
| 15 | | California (This lien was recorded post petition), |
| 16 | | Instrument No. 2010-0095604. |
| 17 | Q. | A tax lien recorded August 26, 2010, by the State of |
| 18 | | California (This lien was recorded post petition.), |
| 19 | | Instrument No. 2010-0110597. |
| 20 | R. | An Abstract of Judgment recorded September 13, 2010, by |
| 21 | | Professional Collection Consultants (This lien was |
| 22 | | recorded post petition.), Instrument No. 2010-0118021. |
| 23 | S. | A tax lien recorded November 8, 2010 by the State of |
| 24 | | California (This lien was recorded post petition), |
| 25 | | Instrument No. 2010-0149546. |
| 26 | T. | A tax lien recorded December 15, 2010, by the State of |
| 27 | | California (This lien was recorded post petition.), |
| 28 | | Instrument No. 2010-0166845. |

| | |
|---|---|
| 1 | U. A lien for unsecured property taxes recorded January 14, |
| 2 | 2011 by the Fresno County Tax Collector (This lien was |
| 3 | recorded post petition.), Instrument No. 2011-0006539. |

17. In addition, this property was sold to the Consolidated Irrigation District for non-payment of taxes for the fiscal/calendar year 2010. The sale was recorded September 15, 2010 as Instrument No. 2010-0119879. This sale occurred without this creditor obtaining relief from stay. As an action in violation of the stay, it is void.

18. On February 28, 2006, Debtor recorded a Quitclaim Deed with the Fresno County Recorder's Office, Document No. DOC-2006-0042648 transferring the Real Property to her daughter, Maricela Solis.

19. On February 11, 2009 a Stipulation Vesting Real Property in the Bankruptcy Estate was entered avoiding said transfer.

20. Title to Parcels 1 and 2 is in the name of the Debtor only; parcel No. 3 is in the name of the Debtor and her spouse, Adalberto Solis.

20. Trustee is requesting authority to sell the community property on behalf of Bankruptcy Estate of Maria I. Solis, and the community interest of Adalberto Solis, and further, that he be authorized to sign any and all documents to effectuate the sale.

21. Trustee believes it is in the best interest of the estate and creditors to sell the property to Buyer on the terms stated in the offer. Trustee does not believe he can receive a better price if the property stays on the market for a longer period of time.

22. Trustee believes that there will be no adverse tax consequences to the sale.

6

23. Because the actual payoffs on the mortgages and tax liens may vary up or down, the net proceeds may vary. Trustee estimates that the sale will yield approximately $27,400.00 to the bankruptcy estate.

24. This offer is subject to higher and better bids received on or before the date of the hearing. Any potential bidder must bring certified funds in the amount of $10,000.00 made payable to the Bankruptcy Estate of Maria I. Solis, which is refundable only if that bid is not the highest bid. Bids must have no contingencies. Bids must be in increments of a minimum of $5,000.00.

25. Trustee requests that the provisions of BR 6004(h) be waived.

WHEREFORE, trustee prays s follows:

1. That the Motion be granted;

2. That the Trustee be authorized to sell The Property to Johnny J. Gomez, or nominee, for $210,000.00 on the terms set forth above, subject only to higher and better bid at the hearing on the confirmation of the sale;

3. That the Trustee be authorized to pay to real estate broker connected with this sale a commission of 6% payable at the close of escrow;

4. That the sale be free and clear of the aforementioned liens.

5. That the Trustee be authorized to sign any and all documents necessary to effectuate the sale, including documents required to be signed ti transfer Delores and Ronald Sanders' community interest in the subject real property.

6. That the net proceeds be turned over to the Trustee.

7. That the provisions of BR 6004(f) be waived.

8. For such other relief as is just and proper.

Dated: 5-10-11

/S/ TRUDI G. MANFREDO
Trudi G. Manfredo
Attorney for Trustee

8